IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    vs.<br>Dustin KATTERMAN<br>Jeremy ANDREWS<br>Danielle O'JONES<br><br>           Defendant. | Case No.03:21-MJ-558-MMS<br><br><br><br>Nov 01 2021 |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT**

    I, Andrew E Grow, Jr., United States Postal Inspector ("USPIS"), being duly sworn, depose and state that:

**I.    BACKGROUND AND EXPERIENCE OF AFFIANT**

    1.    I am a United States Postal Inspector, assigned to investigate the unlawful transportation of contraband, including Title 21 controlled substances, through the United States Mail.

    2.    I have been a Postal Inspector since July 2016 and I am currently assigned to the Seattle Division, specifically to the Anchorage Domicile, which is responsible for investigation of control substance law violations involving the United States mail.

    3.    As part of my duties as a U.S. Postal Inspector, I investigate drug trafficking organizations, including their smuggling routes and the techniques that they use for transporting controlled substances such as marijuana, cocaine, methamphetamine, and heroin. My duties include investigating drug trafficking organizations, interviewing witnesses, victims and

suspects, identifying people involved, developing probable cause for cases, handling and processing various types of evidence, and assembling cases for prosecution. I have conducted and/or participated in numerous investigations relating to the use, possession, manufacture, and trafficking of controlled substances, and I have become familiar with devices, paraphernalia, techniques, and practices used by people engaged in the use, possession, manufacture, and trafficking of controlled substances. I have also conducted and/or participated in investigations which have resulted in the seizure of marijuana, cocaine hydrochloride, opium, heroin, methamphetamine, MDMA (ecstasy), prescription medications, firearms, cellular phones, surveillance systems, cameras, memory cards, computers, documents, money, and precious metals. I have also conducted numerous interviews of people involved in the use, possession, manufacture, and trafficking of controlled substances which have added to my knowledge of the illegal drug culture that exists in Alaska.

## II. PURPOSE OF AFFIDAVIT

This Affidavit is presented in support of a criminal complaint and request for the issuance of arrest warrant against and for Dustin KATTERMAN, Jeremy ANDREWS, and Danielle O'JONES for whom I submit there is probable cause to believe that they conspired with parties known and unknown to knowingly and intentionally attempt to possess with the intent to distribute 40 or more grams of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N propenamide) and 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of Title 21 United States Code, Section 846, 841(a)(1), (b)(1)(B), (b)(1)(B). I have not set forth in this affidavit all of the facts and sources of information of which I am familiar that support my assertion of probable cause.

## III. PROBABLE CAUSE STATEMENT

 Nov 01 2021

1. On October 22, 2021, investigators in AZ conducted a search warrant on a hotel room belonging to a cooperating defendant. As a result of the search warrant, the cooperating defendant told investigators a box was supposed to be shipped to Dustin KATTERMAN at his residence, 841 E 75th Ave, Apt. 4, Anchorage, AK 99518. In the hotel room were two Priority Mail parcel labels addressed to 814 E 75th Ave, Anchorage, AK, 99518. The cooperating defendant stated he most likely messed up the address when getting the labels. The agreement between KATTERMAN and the cooperating defendant was for approximately 150 gross grams (1500 pills) of green M-30 pills containing fentanyl and 8 ounces of heroin (actual weight of seized heroin was approximately 7.4 ounces (209 gross grams)), which were going to be shipped to KATTERMAN's residence. The cooperating defendant stated KATTERMAN and his girlfriend, Danielle O'JONES, drive an early 2000's white Honda sedan. The cooperating defendant stated that some of the narcotics in the parcel were for Jeremy ANDREWS. He told investigators ANDREWS drives a Cadillac Escalade.

2. Investigators in AZ seized, approximately 150 gross grams (1500 pills) of green M-30's which tested positive for fentanyl utilizing a TrueNarc and approximately 7.4 ounces (209 gross grams) of brown color substance which field tested positive for heroin which were supposed to be placed in the parcel. The fentanyl pills were concealed inside candles and the heroin was concealed inside cake mix bags.

3. The cooperating defendant stated he purchase a Priority Mail label through a SSK machine and would add the recipient's apartment number (apartment 4) as well as recipient's name. The cooperating defendant would not provide a return address on the Subject Parcel. The cooperating defendant would then package a parcel containing narcotics and ship the

parcel.

*Nov 01 2021*

4. On October 25, 2021, investigators in Alaska conducted surveillance on 841 E 75th Ave Apt 4, Anchorage, AK 99518 and identified a 2000's model white Honda sedan registered to O'Jones parked in front of 841 E 75th Ave Apt 4, Anchorage, AK 99518. In addition, all open source records and State of Alaska records reveal, 841 E 75th Ave Apt 4, Anchorage, AK 99518 is KATTERMAN's current residence.

5. On October 26, 2021, investigators in AZ shipped Priority Mail Parcel 9505 5066 7326 1299 6960 19 (hereinafter referred to as the Subject Parcel) to "841 E 76th Ave Apt 4, Anchorage, AK 99518." This was an error while filling out the label information, it should have been shipped to 841 E 75th Ave Apt 4, Anchorage, AK 99518. USPIS in Alaska manually corrected this error.

6. On October 27, 2021, according to postal databases, KATTERMAN request a parcel intercept of the Subject Parcel. He requested to pick up the Subject Parcel from the post office, Sand Lake Post Office.

7. On October 28, 2021, USPIS in Anchorage, AK intercepted the parcel at the Anchorage Processing and Distribution Center.

8. On October 28, 2021 a Federal Order for the Installation and Monitoring of an Electronic Alerting and Tracking Device was subsequently granted for Subject Parcel by the Honorable Matthew M Scoble, US Magistrate Judge.

9. On October 28, 2021, USPIS installed alerting and tracking devices pursuant to the court's orders, in the Subject Parcel.

10. On October 29, 2021, U.S. Postal Inspectors, Anchorage Police Department, Alaska State Troopers and Drug Enforcement Administration executed a controlled delivery



of the Subject Parcel.

11. On October 29, 2021 at approximately 10:29 AM, the Subject Parcel was scanned available for pickup at the Sand Lake Post Office.

12. At approximately 1:28 PM, a individual, later identified as KATTERMAN, picked up the Subject Parcel from the Sand Lake Post Office.

13. At approximately 1:40 PM, KATTERMAN arrived at his residence, 841 E 75th Ave Apt 4, Anchorage, AK 99518, with the Subject Parcel.

14. At approximately 2:01 PM, KATTERMAN carried the Subject Parcel into his residence.

15. At approximately 2:02 PM, the installed alerting and tracking devices indicated that the Subject Parcel had been opened and was located inside of 841 E 75th Ave Apt 4, Anchorage, AK 99518. Investigators then entered the residence pursuant to the Federal Order to retrieve the Subject Parcel and its contents. Investigators knocked and announced their police presence with no answer, and physical entry was made into the residence. Upon entry, investigators confronted KATTERMAN and O'JONES in the hallway and were taken into custody without incident.

16. Inside the residence investigators observed the Subject Parcel opened in the bathroom. The monitoring device which emitted the break-tone was recovered in its original position inside of the Subject Parcel.

17. KATTERMAN's hands bore evidence that he handled the internal contents of the Subject Parcel.

18. KATTERMAN was read his Miranda rights and provided consent to search his residence and vehicle. In the residence, a scale, ammunition, and narcotics paraphernalia


Nov 01 2021

were seized or photographed.

19. KATTERMAN and O'JONES were transported to DEA for interviews.

20. At approximately 2:53 PM, a black Cadillac Escalade pulled into KATTERMAN's residence and immediately backed out and drove away once the driver, later identified as ANDREWS, saw the presence of law enforcement.

21. At approximately 3:08 PM, investigators stopped the vehicle. The passenger of the vehicle had outstanding warrants and narcotics consistent with methamphetamines. The driver was ANDREWS, who was subsequently transported to DEA for an interview. Inside the vehicle was approximately 54.4 gross grams of M-30 pills consistent with pills that contain fentanyl, approximately 24 gross grams of a brown like substance consistent with heroin, and 15.3 gross grams of suspected LSD. ANDREWS had a crown royal bag concealed in his sock containing packaging materials used to package narcotics for sale and a small container containing a unknown powder (suspected to be crush up pills) and two partial purple pills consistent with alprazolam (suspected to be counterfeit and contain fentanyl).

22. During the interview with KATTERMAN, he stated he knew the Subject Parcel was being shipped and it contained narcotics. KATTERMAN stated he contacted ANDREWS to let him know the Subject Parcel was coming in and when he received it. KATTERMAN stated the fentanyl pills in the Subject Parcel were for ANDREWS. KATTERMAN provided verbal consent to search his cellphone. On KATTERMAN's cellphone there are conversation between ANDREWS and KATTERMAN about the Subject Parcel. ANDREWS specifically asked KATTERMAN if there was a candle in the Subject Parcel. Investigators know from interviews with the cooperating defendant and from the narcotics seized in AZ, the cooperating defendant would conceal fentanyl pills inside

candles.  KATTERMAN stated he has received multiple boxes containing methamphetamines, heroin, and fentanyl pills in the past and that some of the narcotics were for ANDREWS.

23. During a mirandized interview with ANDREWS, he stated he went to KATTERMAN's residence to pick up fentanyl pills that were in the Subject Parcel.

24. During a mirandized interview with O'JONES, she stated she knew about the Subject Parcel and that the contents were going to be heroin and fentanyl pills.  She stated KATTERMAN and her would distribute the contents in Alaska.  O'JONES stated she would distribute narcotics received from parcels and planned to from the Subject Parcel.

25. O'JONES provided consent to search her cellphone.  On O'JONES cellphone there are messages regarding the distribution of fentanyl pills from the Subject Parcel and additional messages about distributing narcotics.

Respectfully submitted,

_____
Andrew E. Grow, Jr.
Postal Inspector, USPIS
Anchorage Domicile

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on:

Digitally signed by Matthew Scoble
Date: 2021.11.01 14:45:47 -08'00'

_____
UNITED STATES MAGISTRATE JUDGE